## HUGH HALEY v. SHARON TOWNSHIP MUTUAL FIRE INSURANCE COMPANY.[1]

May 16, 1924.

No. 23,989.

**Complaint states no cause of action.**

1. A cause of action is not stated in the complaint which alleges defendant's negligence and consequent damages to plaintiff because of the burning of a barn which purported to be insured by defendant, but which, in a former action between the same parties, was adjudged not covered by the policy because inserted therein by mistake.

**Loss to plaintiff not natural result of defendant's negligence.**

2. The damage to plaintiff from the destruction of the barn cannot be regarded as the proximate or natural result of the negligence or mistake in the writing of the policy, since plaintiff knew that there was no agreement or intention to insure the barn.

Action in the district court for Le Sueur county to recover $600. From an order, Tifft, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

*Moonan & Moonan,* for appellant.

*W. H. Leeman,* for respondent.

HOLT, J.

The appeal is from an order sustaining a demurrer to the complaint.

The allegations are, in substance, that plaintiff's decedent, in 1911, made application in writing for $900 fire insurance upon his dwelling and $600 upon the contents thereof; that at the same time defendant's agent requested decedent also to insure his barn; that defendant issued and delivered its policy upon the application, but so negligently and carelessly wrote the same that it purported to insure the said barn instead of the contents of the dwelling in the sum of $600; that in reliance on the policy so issued decedent did

[1]Reported in 198 N. W. 1008.

not take out any insurance upon said barn which he otherwise would have done; that from said time in 1911 until May 16, 1915, he paid the premium on the policy and believed the barn covered; that on the last named date the barn was destroyed by fire; that defendant denied liability, claiming a mistake was made in the policy; that thereupon plaintiff began an action to recover upon said policy, but it was determined therein that no recovery could be had because of such mistake; that not until the trial of said action in the district court of Le Sueur county did plaintiff discover or know of the negligence, mistake or misconduct of defendant, its officers or agents; that but for such mistake, negligence or misconduct, plaintiff would have procured other insurance on said barn which was worth when destroyed more than $600; and damages are laid in the sum $600, for which judgment is asked.

It thus appears from the complaint that plaintiff sued on the policy issued for the loss of the barn, and that a recovery was denied, because of the mistake in the policy. No other conclusion can be drawn from these allegations than that the recovery was denied because there had been no agreement or contract to insure the barn, and that, so far as the policy in terms covered the same, it was due either to the mistake of the scrivener, or to the mutual mistake of the parties. This was an adjudication not only that defendant neither expressly nor impliedly agreed to insure the barn, but also that by neither word nor act was it estopped from denying that it had insured it. If there be any merit in the allegations of negligence upon which plaintiff now seeks to ground an action in damages, the same surely would also have been efficacious to create an estoppel in the former suit so as to permit a recovery therein.

But another view of the legal effect of the allegations leads to the same result. In order to sustain an action for damages on account of another's negligence, the complaint must allege facts showing that the damages sustained proximately and naturally result from the negligence charged. Here the parties did not intend to insure the barn, but evidently the contents of the house for $600. By mistake or negligence the $600 was placed upon the barn which neither party intended to insure. It is clear the proximate or

natural result which the parties might anticipate from the mistake would be the damages sustained if the contents of the house had burned, the property for which insurance was applied and which would have been covered but for the mistake or negligence alleged. Or if there had been any allegations as to the amounts of the premium paid upon this $600 on the barn, such premiums might be recoverable as being a natural result of the mistake or negligence. At any rate, neither party could reasonably anticipate damages from the destruction of property not intended to be covered which through negligence was included in the policy instead of some other property intended to be.

There is another glaring inconsistency in the complaint, in that it alleges the insured's ignorance of the mistake in the policy until the trial of the former action in 1918, while, at the same time, pleading reliance on the terms of the policy which he knew was not in accordance with the application nor the agreement of the parties. This, however, may not be controlling on demurrer. Nor have we considered the decision on the appeal of the former case (147 Minn. 190, 179 N. W. 895), as having any bearing, although referred to in the brief of both parties, for there is no specific reference thereto in the complaint.

The order is affirmed.